# MEMORANDUM

OF A

# CASE NOT REPORTED IN FULL.

| 36 | 275 |
| 125a | 130 |
| 36 | 275 |
| 82 | 461 |

FISK WALLACE, Appellant, *v.* JOHN DEVLIN and Others, Trustees of School District No. 6, in the Town of Gravesend, Respondents.

*Contract for services — when a renewal of the contract for a like term is presumed from a continuance in the service after the time first agreed upon.*

Appeal from an order of the county judge of Kings county, setting aside a verdict in favor of the plaintiff and granting a new trial.

The plaintiff in this action was employed to teach the common school in school district number six, in the town of Gravesend, in Kings county, for one year from the first day of December, 1879, with a proviso for his discharge at the end of three months if his services proved unsatisfactory. That contract was executed, and the plaintiff taught the school for a year, until December 1, 1880, and then, without any new contract being made, he continued to teach the school for another year, and until the seventh day of June, 1882, when he was requested to resign before June fifteenth, and make his resignation effective June thirtieth of the same year. He declined to comply with that request, and claimed, under his contract, that he could not be discharged without cause until the end of the year. Thereupon he was discharged by a written notice from the trustees, which indicated that they deemed it advisable to make a change, because they had received numerous complaints. The salary of the plaintiff was $800 a year, and he was paid each month $66.66 down to June 30, 1882. After the expiration of the year the plaintiff commenced this action for the recovery of the damage he sustained by the discharge, and claimed the sum of $333.33, the unpaid portion of the year's salary. In their answer the defendants set up the incompetence of the plaintiff, and also that he was employed by the month.

The General Term, after holding that the verdict of the jury, finding that the conduct of the plaintiff had not been such as to

justify the trustees in discharging him, was sustained by the evidence, said: "On these undisputed facts the law determines the rights and obligations of the parties, and the rule is that where one is hired for a year, and continues in the service after his term has expired without any new contract, the first contract is renewed by the acquiescence of the parties for another year. The continuance in the employment of the hirer, with the consent of the latter, after the time specified in the contract being equivalent to a new hiring for the same time on the same terms. (*Vail* v. *Jersey L. F. Manufacturing Co.*, 32 Barb., 564; *Greer* v. *The People's Telephone, etc., Co.*, 50 Supr. Ct., 517.)

Such being the legal attitude of the parties, the plaintiff could only be discharged in June, 1882, for cause, and so the jury was instructed. It follows that after the expiration of the year the plaintiff could recover of the defendants the damages he sustained by the wrongful discharge, and they are measured by the amount stipulated to be paid. It is true they may be reduced by showing that the plaintiff obtained employment in the meantime, or that employment might have been found, but that must be affirmatively shown by the defendants. (*Costigan* v. *The Mohawk Co.*, 2 Denio, 609; *Howard* v. *Daly*, 61 N. Y., 362.) No attempt was made to diminish the damages in that way, and the plaintiff testified that he could find no employment during the remainder of the year, and that he sought it in vain. We therefore reach the conclusion that the trial judge committed no errors on the trial; that he afforded the proper instructions to the jury, and that the resulting verdict was in accordance with the rules of law and the principles of justice; but that his order which set aside the verdict and awarded a new trial is erroneous and should be reversed, with costs, and that the plaintiff should have judgment upon the verdict rendered by the jury, with costs.

*Tunis G. Bergen*, for the appellant.

*T. C. Cronin*, for the respondents.

Opinion by DYKMAN, J.; BARNARD, P. J., and PRATT, J., concurred.

Judgment of County Court granting new trial reversed, and judgment granted plaintiff on the verdict, with costs of this appeal.